**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LATHAM & WATKINS LLP
555 ELEVENTH STREET, N.W.
SUITE 1000
WASHINGTON, D.C. 20004,

        Plaintiff,

   v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES
200 INDEPENDENCE AVENUE, S.W.
WASHINGTON, D.C., 20201,

        Defendant.

Case No.   _____

Judge:   _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Latham & Watkins LLP brings this Complaint for declaratory and injunctive relief, and states as follows in support thereof:

## PRELIMINARY STATEMENT

1.    The Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq*., "was enacted to promote transparency and accountability in how the federal government discharges its numerous and far-ranging responsibilities." *Shapiro v. U.S. Dep't of Justice*, 153 F. Supp. 3d 253, 256 (D.D.C. 2016). FOIA provides a means for the public to access government documents and "mandates that an agency disclose records upon request, unless they fall within one of nine exemptions." *Id*. at 257.

2.    Last year, Plaintiff submitted one FOIA request to the National Institute of Environmental Health Sciences (NIEHS), a division of the Department of Health and Human

Services (HHS), seeking certain records of government communications among environmental policy-makers.

3.     HHS has failed to produce records in response to this request or provide any substantive response for 139 days (excluding weekends and legal public holidays).

4.     By failing to timely provide the requested records, HHS is actively impeding Plaintiff's access to government information and violating FOIA's statutory deadlines.

5.     Administrative remedies under FOIA are deemed exhausted when an agency fails to comply with the statute's applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted applicable administrative remedies, Plaintiff now turns to this Court to enforce FOIA's guarantee of public access to agency records and to remedy the agency's frustration of that access. Accordingly, Plaintiff asks this Court to declare that HHS has violated FOIA, to order HHS to provide Plaintiff with legally compliant responses to the outstanding records request, and to grant other appropriate relief, including attorney's fees and costs.

## PARTIES

6.     Plaintiff Latham & Watkins LLP (Latham) is a private law firm with an office located at 555 Eleventh Street N.W., Suite 1000, Washington, D.C. 20004. Latham submitted the subject FOIA request on behalf of its client and likewise brings suit on behalf of its client.

7.     Defendant Department of Health and Human Services (HHS) is an agency of the United States Government with various sub-divisions, institutes, and centers, including the National Institute of Environmental Health Sciences (NIEHS). HHS is an agency within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 552a(a)(1). HHS is headquartered at 200 Independence Avenue, S.W., Washington, D.C. 20201.

8.      HHS is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this Complaint.  HHS is in possession and control of the records that Plaintiff seeks, and therefore it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## JURISDICTION

9.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.  This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

10.      This Court has the authority to award reasonable costs and attorney's fees under 5 U.S.C. § 552(a)(4)(E).  The Court also has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

11.      This Court has personal jurisdiction over HHS pursuant to 5 U.S.C. § 552(a)(4)(B), as it is an agency of the United States Government.

12.      Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## LEGAL BACKGROUND

13.      FOIA "requires the government to disclose, upon request, broad classes of documents identified in 5 U.S.C. § 552(a)," unless the documents are exempted under 5 U.S.C. § 552(b). *Prison Legal News v. Samuels*, 787 F.3d 1142, 1146 (D.C. Cir. 2015).

14.      FOIA imposes strict deadlines on federal agencies when they receive a request for records pursuant to FOIA.  First, an agency must acknowledge receipt of a FOIA request, in writing, within ten days of receipt of the request, exclusive of weekends and legal public holidays.  5 U.S.C. § 552(a)(6)(A)(ii).

15.     An agency must then make a determination with respect to every "perfected" FOIA request within twenty days, exclusive of weekends and legal public holidays.  A FOIA request to HHS is considered perfected (*i.e.,* the statutory response time begins to run) when the request (i) has been received by the responsible FOIA office, or not later than 10 days thereafter (exclusive of weekends and legal public holidays); (ii) the requested records are reasonably described; and (iii) the request contains sufficient information to enable the FOIA office to contact the requestor and transmit records.  45 C.F.R. § 5.24(b); 5 U.S.C. § 552(a)(6)(A)(i).

16.     The agency's FOIA determination must inform the requestor whether the agency will fulfill the request and the reasons therefor, and of the requester's right to appeal the agency's determination to the agency head.  5 U.S.C. § 552(a)(6)(A)(i).  The D.C. Circuit has held that the agency must include in its determination "the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 185-86, 188 (D.C. Cir. 2013) ("*CREW*"); *see also Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 245 (D.D.C. 2017) (the agency must "(1) gather[] and review[] the [requested] documents; (2) determin[e] and communicat[e] the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (3) inform[] the requester that it can appeal whatever portion of the 'determination' is adverse").

17.     An agency may extend this twenty-day period to make a determination only as a result of "unusual circumstances" defined by 5 U.S.C. § 552(a)(6)(B)(iii).  HHS's FOIA regulations require that where an agency cannot meet the statutory twenty-day deadline because of "unusual circumstances" the agency must notify the requestor, in writing, of the agency's inability to meet the deadline and provide the date by which the agency estimates processing will

be completed.  45 C.F.R. § 5.24(f).  Where the agency's deadline extension exceeds ten working days, HHS must provide the requestor with an opportunity to modify the request or arrange an alternative time period for processing the request, and in addition, inform the requester of "the right to seek dispute resolution services from the Office of Government Information Services." *Id.*

18.     The agency must then locate and make the requested records "promptly" available, 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i), unless it can establish that it may lawfully withhold records, or portions of records, from disclosure under narrowly defined FOIA exemptions listed in § 552(b).

19.     HHS's FOIA regulations provide for a tracked response process that distinguishes requests based on the estimated number of workdays needed to respond.  45 C.F.R. § 5.24(e). The multi-track processing system does not alter FOIA's statutory deadline for an agency to determine whether to comply with the FOIA request.  *Id.* § 5.24(f).  An agency must make a determination whether to comply with the request, and notify the requester accordingly, within the mandatory deadlines described above.

20.     Where an agency fails to make a timely determination with respect to a perfected FOIA request, a requestor has exhausted administrative remedies with respect to the request.  5 U.S.C. § 552(a)(6)(C); *CREW*, 711 F.3d at 186; *Seavey*, 266 F. Supp. 3d at 245.

## FACTUAL BACKGROUND

21.     On November 6, 2017, Plaintiff submitted a FOIA request to HHS's NIEHS division on behalf of a client.  That request is attached hereto as Exhibit A.

22.     On November 30, 2017, NIEHS timely acknowledged by letter that it had received Plaintiff's request on November 15, 2017, and assigned the request control number FOIA Request Case No. 47219.  That acknowledgment is attached hereto as Exhibit B.

23.     The agency's acknowledgement letter did not indicate the scope of the documents the agency would produce in response to the request, or include information on planned withholdings or exemptions.  *See* Exhibit B attached hereto.

24.     Plaintiff's FOIA Request Case No. 47219 was perfected on the day of receipt (November 15, 2017).  45 C.F.R. § 5.24(b); 5 U.S.C. § 552(a)(6)(A)(i).  The due date for the substantive FOIA determination therefore was December 14, 2017.  *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 45 C.F.R. § 5.24(b)(1)(i), (f).

25.     HHS did not provide a determination in response to Plaintiff's request on or before the deadline of December 14, 2017.

26.     Further, in the twenty days that followed the receipt of Plaintiff's request, HHS failed to notify Plaintiff that HHS could not meet the twenty-day statutory deadline for a determination based on "unusual circumstances."  Nor did the agency seek an extension or provide an alternative time period for making a determination or processing the request.  45 C.F.R. § 5.24(f); 5 U.S.C. § 552(a)(6)(A)(i).

27.     As of the filing of this Complaint, HHS has yet to provide Plaintiff with the determination required by FOIA and HHS's governing regulations.  In the 139 days since the agency's receipt of FOIA Request Case No. 47219 (exclusive of weekends and legal public holidays), HHS has failed to: (i) gather and review all records requested by Plaintiff, (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents, and (iii) inform Plaintiff that it can appeal portions

of the agency's determination that are "adverse." 5 U.S.C. § 552(a)(6)(A)(i); *Seavey*, 266 F. Supp. 3d at 245; *CREW*, 711 F.3d at 185-86.

28.     HHS has also unlawfully failed to timely produce any records responsive to FOIA Request Case No. 47219, or even provide a timetable for its response. *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 45 C.F.R. § 5.24(b)(1)(i), (f).

29.     Because the agency has failed to make a timely determination, Plaintiff has exhausted administrative remedies with respect to FOIA Request Case No. 47219. 5 U.S.C. § 552(a)(6)(C); *CREW*, 711 F.3d at 186; *Seavey*, 266 F. Supp. 3d at 245.

## CLAIMS FOR RELIEF

## CLAIM I
### (Failure to Produce Records)

30.     The foregoing paragraphs are incorporated by reference as if set forth in full herein.

31.     FOIA requires agencies to timely search for and produce all records responsive to a request unless they are lawfully exempt from production.

32.     Plaintiff submitted a lawful, perfected request for documents and records to HHS.

33.     Plaintiff has a statutory right to receive a determination from HHS as to the FOIA request within the time frame that Congress required through FOIA, and to promptly receive any responsive records.

34.     HHS violated FOIA by failing to make the required determination in response to Plaintiff's FOIA Request Case No. 47219, and failing to produce records in response to the request.

35.     Plaintiff is being harmed by HHS's violation of FOIA and its unlawful withholding of records to which Plaintiff is entitled.  Plaintiff will continue to be harmed unless HHS is compelled to comply with the statute and produce the requested records.

## CLAIM II
### (Costs and Fees)

36.     The foregoing paragraphs are incorporated by reference as if set forth in full herein.

37.     Pursuant to 5 U.S.C. § 552(a)(4)(E)(i), "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."

38.     Plaintiff is statutorily entitled to recover attorney's fees and costs incurred as a result of HHS's failure to make a timely determination with regard to the FOIA request at issue in this case.  5 U.S.C. § 552(a)(4)(E)(i); *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 324 (D.C. Cir. 2006) (complainant law firm is an organizational litigant statutorily eligible for attorney's fees).

39.     Plaintiff asks the court to order HHS to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and for the following relief:

(1) A declaration pursuant to 28 U.S.C. § 2201 that HHS has violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request submitted to NIEHS dated November 6, 2017 (FOIA Request Case No. 47219).

(2) An order enjoining HHS to:

    a.  Respond to Plaintiff's FOIA request submitted to NIEHS dated November 6, 2017 (FOIA Request Case No. 47219); and,

    b.  Release immediately all responsive records to Plaintiff's FOIA request.

(3) An order awarding Plaintiff its costs and attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Such other and further relief as the Court deems just and proper.

Dated: June 6, 2018                    Respectfully submitted,

                                /s/ Andrew D. Prins
                                Andrew D. Prins (D.C. Bar No. 998490)
                                Bridget R. Reineking (D.C. Bar No. 1031503)
                                Latham & Watkins LLP
                                555 Eleventh Street N.W., Suite 1000
                                Washington, D.C. 20004
                                Telephone: (202) 637-2200
                                Fax:  (202) 637-2201

                                *Counsel for Plaintiff*